IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BARTOLO S. ZORRILLA-BAUTISTA,

     Petitioner,

       v.

GARRET J. RIPA, Miami Field Office Director (ICE/ERO); TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Acting United States Attorney General,

     Respondents.

CIVIL NO. 26-1458 (RAM)

## MEMORANDUM AND ORDER DENYING TEMPORARY RESTRAINING ORDER

Pending before the Court is Petitioner Bartolo Zorrilla-Bautista ("Petitioner" or "Zorrilla")'s *Emergency Motion for Temporary Restraining Order* (the "*Emergency Motion*"). (Docket No. 2). For the reasons outlined below, the *Emergency Motion* is **DENIED.**

### I.  BACKROUND

On July 16, 2026, Petitioner filed his pending *Emergency Motion*. (Docket No. 2). Petitioner seeks to preserve the status quo pending the resolution of his *Petition for Writ of Habeas Corpus* (the "*Petition*") from earlier on the same day. (Docket Nos. 1 and 2).

In his filings, Zorrilla alleges that: (1) he is a national and citizen of the Dominican Republic; (2) in 2017 he entered

Puerto Rico without undergoing proper admission procedures; and (3) thereafter, he married Mary Ann Orola Olmo, a United States citizen. (Docket Nos. 1 at 1-5, 2 at 3-4).

Zorrilla alleges that two days ago, on July 15, 2026, he was detained by U.S. Immigration and Customs Enforcement ("ICE"). (Docket No. 2 at 1). Zorilla says he is currently detained in Guaynabo. Id.

Zorrilla argues that he is not subject to mandatory detention under the Immigration and Nationality Act ("INA"). Id. at 3-4. He contends that his situation should be covered by 8 U.S.C. § 1226, which permits the discretionary release of detained aliens on bond. Id.

In his *Emergency Motion*, Zorrilla contends that: he has a high likelihood of success on the merits because he is allegedly not subject to mandatory detention under the INA; he will imminently suffer irreparable harm because he will be subject to unjust detention and because of his separation from his family; and that the balance of equities and the public interest tip in his favor on account of the impending deprivation of his constitutional rights, impending family separation, and the lack of a legitimate government interest in transferring him. Id. at 5-6.

Accordingly, Zorrilla petitions the Court to: enjoin Respondents from transferring him outside of the District of Puerto

Rico; order Respondents to show cause why his detention should not remain in this District; and order Respondents to show cause why his habeas corpus petition should not be granted. Id. at 6-7.

## II.  DISCUSSION

When evaluating a request for a temporary restraining order, courts must consider the same four factors that apply to a motion for preliminary injunction, namely: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the request is denied; (3) the balance of hardships; and (4) whether the TRO is in the public interest. *See* Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 161-62 (1st Cir. 2004) ("We hold that the traditional four-part preliminary injunction standard applies in full flower to motions brought under Rule 65 in hopes of securing prejudgment freeze orders").

Furthermore, courts may issue a temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). It has long been established that under federal law, *ex parte* temporary restraining orders **"should be restricted to serving their underlying purpose of preserving**

Civil No. 26-1458(RAM)                                                    4

**the status quo and preventing irreparable harm just so long as is**
**necessary to hold a hearing, and no longer**." Granny Goose Foods,
Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of
Alameda Cnty., 415 U.S. 423, 439 (1974) (emphasis added).
Therefore, "[t]emporary restraining orders 'must be used sparingly
and only in cases where the need for extraordinary equitable relief
is clear and plain.'" Ginzburg v. Martinez-Davila, 368 F. Supp. 3d
343, 347 (D.P.R. 2019) (quoting Northwest Bypass Grp. v. United
States Army Corps. of Eng'rs, 453 F.Supp.2d 333, 338 (D.N.H.
2006)).

The Court finds that in the case at bar, Petitioner has not
carried his burden as to the likelihood of success on the merits.
As this Court has noted several times[1] with respect to the propriety
of the Department of Homeland Security ("DHS")'s current
interpretation of 8 U.S.C. § 1225 vis-à-vis the mandatory detention
of aliens arrested in the interior of the United States:

> Neither party nor the Court are writing on a
> blank slate. The statutory construction
> question that is at the crux of this case has
> been the subject of myriad lawsuits throughout
> the nation and dutiful judges have reached
> divergent answers.[2] Having parsed through the

---

[1] Two examples are Alvarez-Felix v. Ramos, 2026 WL 438160, at *1 (D.P.R. 2026)
and Jerez v. Warden, San Juan Staging Facility, 2026 WL 1329858, at *1 (D.P.R.
2026).

[2] For example, the following cases found that detention is discretionary in
analogous cases: Gomes v. Hyde, 804 F. Supp. 3d 265, 278 (D. Mass. 2025);
Armando Becerra Vargas v. Bondi, SA-25-cv-1023, 2025 WL 3300446 (W.D. Tex. Nov.
12, 2025); Guerrero Orellana v. Moniz, No. 25-CV-12664-PBS, 2025 WL 3033769 (D.
Mass. Oct. 30, 2025). By contrast, these cases determined that mandatory
detention is proper for petitioners with similar circumstances: Ramirez Melgar
v. Bondi, No. 8:25CV555, 2025 WL 3496721 (D. Neb. Dec. 5, 2025); Rojas v. Olson,

> statutes, the parties' submissions, and the authorities cited therein, the Court finds that the mandatory detention provision of 8 U.S.C. § 1225 applies[.]

Alvarez-Felix v. Ramos, 2026 WL 438160, at *1 (D.P.R. 2026); *see also* Jerez v. Warden, San Juan Staging Facility, 2026 WL 1329858, at *1 (D.P.R. 2026).

As this Court explained at greater length in Alvarez-Felix, courts "begin with the language of the statute itself" and must "first 'determine whether the language has a plain and unambiguous meaning with regard to the particular dispute in the case'" when resolving a dispute over the meaning of a statute. In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 919 F.3d 121, 128 (1st Cir. 2019) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Robinson, 519 U.S. at 341.

In the case at bar, as in Alvarez-Felix and Jerez, the Court finds that Section 1225(a)(1)'s definition of "applicants for admission" is unambiguous. It defines applicants for admission as "alien[s] present in the United States who ha[ve] not been admitted or who arrive[] in the United States (whether or not at a

---

No. 25-CV-1437-BHL, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025); Alonzo v. Noem, No. 1:25-CV-01519 WBS SCR, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025).

designated port of arrival[)]." 8 U.S.C. § 1225(a)(1). The INA also defines the terms "admitted" and "admission" with respect to a noncitizen as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). In other words, an applicant for admission is a noncitizen present in the United States who either: (1) has not been granted lawful entry into the United States after inspection and authorization by an immigration officer; **or** (2) arrives in the United States, irrespective of whether at a point of entry. Per the plain and unambiguous language of the statute, then, the term "applicants for admission" includes all noncitizens in the United States who have not been inspected and granted admission, whether at a point of entry or elsewhere.

Petitioner necessarily falls within this definition, as he concededly: (1) is not a citizen of the United States; (2) entered the United States without undergoing proper admission procedures (*i.e.*, without being inspected and admitted); and (3) is present in the United States. (Docket Nos. 1 at 1-5, 2 at 3-4). As such, he is subject to the mandatory detention provisions for "applicants for admission" under Section 1225(b)(2).

As it has recognized before, the Court emphasizes that Section 1225(b)(2) is not a license for indefinite detention. Alvarez-Felix, 2026 WL 438160, at *1. Likewise, nothing in this order should be construed as authorization for the United States to

indefinitely detain Zorrilla. However, given that Zorrilla was detained two days ago, it has not yet become accurate for him to argue that his "prolonged detention without any bond hearing raises serious due process concerns that counsel in favor of habeas relief." (Docket No. 2 at 4).

## V. CONCLUSION

On his averments, save for his illegal entry into the country, Zorrilla appears to have no criminal history, to be generally law-abiding, and is a husband to a United States citizen. If the decision could be based purely on sympathy, a different result might be warranted. But the Court's duty is "to interpret the law not to re-write it." In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 919 F.3d at 132. This Court is of the view that the plain meaning of Section 1225(a)(1) and Section 1225(b)(2) compel Zorrilla's detention and render him ineligible for a bond hearing under Section 1226. Considering the foregoing and because he has not demonstrated a likelihood of success on the merits, Petitioner's *Emergency Motion* at Docket No. 2 is hereby **DENIED.**

In light of this order and the Court's prior ruling in Alvarez-Felix, 2026 WL 438160, and Jerez, 2026 WL 1329858, Petitioner shall **SHOW CAUSE** by **July 31, 2026** as to why this case should not be dismissed for failure to state a claim upon which relief can be granted.

Civil No. 26-1458(RAM)                                                    8

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this **17th day of July 2026 at 4:00 p.m.**

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
